IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MAXINE LESLINE,<br><br>Plaintiff,<br><br>vs.<br><br>HANGER PROSTHETICS & ORTHOTICS EAST, INC. d/b/a HANGER CLINIC, ADVANCED PROSTHETICS CENTER, L.L.C., d/b/a HANGER CLINIC, OTTOBOCK HEALTHCARE, L.P., OTTOBOCK SE & CO. KGAA, and OTTOBOCK HEALTHCARE PRODUCTS GMBH,<br><br>Defendants. | **8:19CV363**<br><br>**ORDER TO SHOW CAUSE** |

This matter is before the Court upon a *sua sponte* review of the record.

Plaintiff originally commenced this action in Douglas County District Court on February 12, 2019, against "Hanger Clinic" and "Ottobock Prosthetics" as defendants. (Filing No. 1-5 at p. 2). Plaintiff filed a First Amended Complaint against those same defendants on May 6, 2019, (Filing No. 1-5 at p. 17), and after being given leave by the state court, filed a Second Amended Complaint on July 22, 2019, adding Ottobock SE & Co. KGaA, a German company ("Ottobock Germany"), and Otto Bock Healthcare Products GmbH, an Austrian company ("Ottobock Austria"), as defendants. (Filing No. 1-5 at pp. 95-96). Defendant Otto Bock HealthCare, L.P., removed this case from state court on August 23, 2019. (Filing No. 1). At that time, Otto Bock HealthCare, L.P., asserted that "The remaining defendants, Defendants Otto Bock Germany and Otto Bock Austria, need not consent [to removal] because they have not been properly served," and stated that Otto Bock HealthCare, L.P.'s registered agent rejected Plaintiff's attempt to serve those foreign defendants. (Filing No. 1 at p. 3). To date, neither of the foreign defendants, Ottobock Germany or Ottobock Austria, have filed a responsive pleading or otherwise appeared, and the record does not reflect that Plaintiff has taken any further action to serve or otherwise proceed with this case as to those defendants.

"Unless service is waived, proof of service must be made to the court." Fed. R. Civ. P. 4(l)(1). "If a defendant is not served within 90 days after the complaint is filed, the court -- on

motion or on its own after notice to the plaintiff -- must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m).  While the 90-day service rule does not apply when serving a party in a foreign country pursuant to Rule 4(f) or 4(h)(2), a "plaintiff must still act diligently in effectuating service."  *Mapping Your Future, Inc. v. Mapping Your Future Servs., Ltd.*, 266 F.R.D. 305, 309 (D.S.D. 2009).  Although Plaintiff and defendants Hanger Prosthetics & Orthotics East, Inc., Advanced Prosthetics Center, L.L.C., and Otto Bock HealthCare, L.P., attempted to file a Rule 26(f) Report, as the Court noted in its text order dated October 17, 2019, this case cannot proceed until all named defendants have been served and filed responsive pleadings, or until Plaintiff takes some other appropriate action as to the outstanding named defendants, Ottobock Germany and Ottobock Austria.  See *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999)("In the absence of service of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as defendant.").  Under the circumstances,

**IT IS ORDERED** that Plaintiff shall have until **December 30, 2019**, to show cause why this case should not be dismissed pursuant to Federal Rule of Civil Procedure 4(m) or for want of prosecution as to defendants Ottobock SE & Co. KGaA, a German company, and Otto Bock Healthcare Products GmbH, and Austrian company.  The failure to timely comply with this order may result in dismissal of those defendants without further notice.

Dated this 6th day of December, 2019.

BY THE COURT:

s/ Michael D. Nelson
United States Magistrate Judge